## RUDOLPH v. HEWITT.

1. The holder of a note having accepted a deed from the maker in full satisfaction thereof, there is no longer a liability of the guarantor thereon which will support his note thereafter given to said holder.

2. Plaintiff cannot complain that defendant was awarded less than the full amount of his counterclaim.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Lincoln county. Hon. JOSEPH W. JONES, Judge.

Action by Martin E. Rudolph against John W. Hewitt to recover upon a promissory note. Judgment for defendant. Plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*M. E. Rudolph* and *O. S. Gifford* for appellant.

*C. B. Kennedy*, for respondent.

HANEY, J. It is alleged in the complaint that on July 27, 1891, defendant, for value received, made, executed, and livered to plaintiff his promissory note, whereby he promised to pay the plaintiff or order, one year after date, $100, for value received, with interest at 10 per cent per annum from date until paid, payable annually; that the plaintiff is still the owner and holder of such note, and the same is wholly

unpaid.   In the answer defendant admits the execution
and delivery of the note sued upon, and alleges that such note
was procured by the plaintiff from the defendant without
any consideration and by fraud and misrepresentation.   The
circumstances attending its procurement, as alleged in the
answer, may be thus summarized:  On December 31, 1888, Mary
E. North owned a certain lot in the city of Canton.   On that
day she and her husband executed and delivered to defendant
their promissory note for $100,  due  July 1, 1890, to secure the
payment of which the Norths gave defendant a mortgage upon
the above-mentioned real estate.   Afterwards defendant sold,
transferred, and delivered this note to  plaintiff by an endorse-
ment wherein he waived demand and  notice of protest.   July
18, 1891, the Norths deeded the  above- described realty to the
wife of plaintiff.   The consideration of this deed was an agree-
ment between plaintiff and the  Norths that he would take the
realty in full payment of the  note  made  by the Norths to the
defendant, and that he would assume and pay a mortgage debt
upon the realty to the  Canton Building  & Loan Association.
On July 27, 1891, plaintiff represented  himself to be the owner
of the note made by  the  Norths  to  defendant, and presented
such note to the defendant  for  payment,  representing to him
that it had not been paid or satisfied, and demanded that defend-
ant pay on account of the guaranty on the back thereof, claim-
ing that defendant was liable upon such guaranty; and  the  de-
fendant, having no knowledge that such note had been paid, and
relying upon plaintiff's representation that it had not been paid,
and believing that it had not been paid, and that he  was liable
to pay the same by reason of the guaranty, and with no  other
consideration, executed and  delivered  to plaintiff  the  note in

suit. As a part of the same transaction, defendant and plaintiff executed a contract in the words and figures following: "This agreement, made this 27th day of July A. D. 1891, by and between M. E. Rudolph, one part, and J. W. Hewitt, on the second part, witnesseth that whereas, the said J. W. Hewitt sold and guarantied to M. E. Rudolph a certain promissory note and mortgage of J. M. North and Mary E. North; and whereas, they have failed to pay the same, and the said M. E. Rudolph is about to take a deed for said premises: Now, it is agreed that if the said J. W. Hewitt will find a buyer, and help to sell said property, within one year from date hereof, to a good responsible purchaser then the note given this day to said M. E. Rudolph for the sum of $100 to be void; but if such purchaser is not found within said time, then the said note to be in full force and virtue. The amount so due on said property is $445, with interest thereon at 10 per cent. from date." Defendant made this contract without knowledge that the North note had been fully paid, relying upon the representations of the plaintiffs that it had not been paid. When the note sued upon and aforesaid contract were executed, plaintiff delivered to defendant the note given by the Norths to defendant, December 31, 1888. No other consideration or thing of value was given to defendant for the note sued upon, and he never would have executed such note if he had known that the North note had been fully paid and satisfied by the makers thereof. Defendant brings the aforesaid contract into court, to be delivered up to the plaintiff, and also brings the North note, that it may be canceled, declared fully paid and satisfied, and delivered to the makers thereof. The answer contains a second and further defense, by way of counterclaim wherein it

is alleged that between February 9, 1890, and March 26, 1894, at the request of plaintiff, defendant did certain work for plaintiff, and delivered to him certain goods and merchandise, for the agreed prices stated in an itemized account, aggregating the sum of $36.93, which was the reasonable value thereof, no part of which has been paid. In the reply plaintiff admits the several items of the counterclaim, but alleges they were sold and rendered to plaintiff upon an express agreement that the amounts mentioned therein should be credited on the note sued upon in this action, and that they were not so credited before, because defendant neglected to furnish plaintiff a bill thereof, though he often promised so to do. The plaintiff admits such counterclaim as part payment on the note in suit, but denies that it is due or owing for any other purpose. He demands judgment, after deducting the amount of defendant's counterclaim, as prayed in the complaint. There was a trial by jury, resulting in a verdict, wherein the jury "find for the defendant on all the issues and against the plaintiff, and that the defendant is entitled to recover of the plaintiff upon his counterclaim the sum of all the items purchased prior to July 27, 1891, to wit, the sum of $3.55." Plaintiff appeals from the judgment and order denying his application for a new trial.

Respondent relies alone upon the defense of want of consideration. Aside from the counterclaim, that was the only issue submitted to the jury. Therefore the record will be considered with reference only to that defense. Plaintiff contends it is not raised by the pleadings. He did not move to have the defense of fraud separated from that of want of consideration. When the trial began, he objected to the introduction of any evidence in support of the allegations of fraud,

without directing attention to the defect now alleged, and no exceptions were taken to the court's charge. Were the objection available it would not be tenable. "Want of consideration is a defensive fact that may be available under a general denial, or by special plea, according to the averments of the complaint, In an action on a contract or an instrument that imports a consideration, the plaintiff need not allege consideration, and the defendant must plead the want of it, to admit proof of the fact; but, where the plaintiff must and does allege a consideration, a denial puts it in issue and admits the proof." Phil. Code Pl. § 386. The note in suit imports a consideration; the allegation that it was "delivered for value received" adds nothing to what is otherwise contained in the complaint; and want of consideration is both generally and specially alleged in the answer.

Most of the material facts are undisputed. As stated by the learned trial judge in his exceptionally clear and impartial charge, if plaintiff had accepted the deed from the Norths in full satisfaction of their note to defendant, prior to the execution of the note sued upon, then that note was paid, and there was no consideration for the note in suit. If the North note was satisfied, of course defendant, as guarantor, ceased to be liable thereon, and there was no consideration for the note given by him to the plaintiff. If there was no consideration for the note, there was none for the contract executed in connection with it. Upon the clearly defined issue of fact as to whether the North note was satisfied prior to the execution of the note in suit, the jury found for defendant, and, we think, the evidence is sufficient to sustain the verdict.

Plaintiff cannot complain because the jury awarded defendant less than the full amount of his counterclaim. Under

the court's charge, to which no exceptions were saved, the verdict could not have been different relative to the amount of defendant's recovery, so long as the jury found against the plaintiff upon his cause of action.    The judgment of the circuit court is affirmed.